**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Anthony LaFauci

    v.                                       Civil No. 09-cv-454-PB

William Wrenn, Commissioner,
New Hampshire State Prison, et al.[1]


**O R D E R**


Anthony LaFauci has filed a complaint (document no. 1)
pursuant to 42 U.S.C. § 1983 alleging that defendants have
violated his constitutional rights.  The matter is before me for
preliminary review to determine whether or not the complaint
contains any claims upon which relief might be granted.  See 28
U.S.C. § 1915A; United States District Court District of New
Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the Magistrate
Judge to conduct preliminary review of cases filed by pro se
prisoners).

---

[1]In addition to Wrenn, LaFauci has named the following
employees of the New Hampshire Department of Corrections as
defendants to this action: New Hampshire State Prison Warden
Richard M. Gerry, Minimum Security Unit ("MSU") Warden Jane
Coplan, MSU Unit Manager Angela Greenwood, Lt. Paul Bell, Lt.
John Morin, Corrections Officer ("CO") Rob Bashaw, CO Brian
Burrows, CO Erik Jorgesen, Cpl. Glenn Daniels, Sgt. Santo
Firillo, CO Britton, and a John Doe officer.

As explained fully in the Report and Recommendation issued

simultaneously with this Order, I direct that LaFauci's Eighth

Amendment excessive force claims and state law assault tort

claims, alleging incidents of force on July 28, 2007, and

February 14, 2008, be served upon the following defendants, all

corrections officers employed by the New Hampshire Department of

Corrections:  Rob Bashaw, Brian Burrows, Erik Jorgesen, Glenn

Daniels, Santo Firillo, Britton,[2] and John Doe.[3]  In my Report

_____

[2]LaFauci has only provided Officer Britton's last name.

[3]In addition to the named officers listed, I have authorized
the excessive force and assault claims to proceed against an as
yet unnamed officer, identified only as John Doe in the
complaint.  LaFauci must provide the Court with John Doe's full
name before he can be served.  To obtain this name, LaFauci may,
upon service of this action on the named defendants, serve those
defendants with interrogatories to obtain John Doe's full name
pursuant to Fed. R. Civ. P. 33(a) which states in pertinent part:

> Without leave of court or written stipulation,
> any party may serve upon any other party
> written interrogatories, not exceeding 25 in
> number including all discrete subparts, to be
> answered by the party served or, if the party
> served is a public or private corporation or a
> partnership or association or governmental
> agency, by an officer or agent, who shall
> furnish such information as is available to
> the party.

Once John Doe's full name is obtained, LaFauci may file a motion
to amend his complaint to add John Doe as a defendant to these
claims and the Clerk's office will effect service upon the John
Doe officer, as directed in this Order.

and Recommendation issued simultaneously with this Order, I have recommended dismissal of the remaining claims and defendants in LaFauci's complaint.

The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation, and the complaint (document no. 1). See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's Office shall complete summons forms for each such individual and shall provide the summons and the above-specified documents to the United States Marshal for the District of New Hampshire ("Marshal").

The Marshal shall serve those documents on those individuals in accordance with Fed. R. Civ. P. 4(c)(3).  Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:   June 21, 2010

cc:    Anthony LaFauci, pro se

LM:jba